IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:13-cv-00410-MR
(CRIMINAL CASE NO. 3:02-cr-00137-MR-1)

| | |
|---|---|
| JAMES EDWARD ROSEBORO, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Sentence under Simmons; Petition for Relief under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela*" [Doc. 1] and the Government's Motion to Dismiss [Doc. 7]. For the reasons that follow, the Court will dismiss the Petitioner's motion and grant the Government's motion to dismiss.

I.  **PROCEDURAL HISTORY**

Petitioner James Edward Roseboro was indicted by the Grand Jury for the Western District of North Carolina on May 7, 2002, and charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §

841; possession of a firearm in furtherance of a drug-trafficking conviction, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:02-cr-00137-MR-1, Doc. 1: Indictment]. Four months later, Petitioner entered into a plea agreement with the Government and pleaded guilty to the drug-trafficking and § 924(c) firearm offenses. [Id., Doc. 15 at 1: Plea Agreement]. In the plea agreement, the parties stipulated that the amount of crack cocaine that was reasonably foreseeable to Petitioner was less than 20 grams and that Petitioner was not an armed career criminal. [Id. at 2]. Also in the parties' agreement, Petitioner agreed to waive his right to seek collateral review of his sentence under 28 U.S.C. § 2255 or other post-conviction action, except on the bases of prosecutorial misconduct or ineffective assistance of counsel. [Id. at 6].

Prior to Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer calculated a total offense level as to the drug-trafficking offense of 34, in part based on Petitioner's classification as a career offender. [Id., PSR at ¶¶ 27; 29]. This offense level, combined with a criminal history category of VI, resulted in a Sentencing Guidelines range of imprisonment of between 262 and 327 months in prison. [Id. at ¶ 70]. Before sentencing, the Government filed a

motion for downward departure under U.S.S.G. § 5K1.1. [Id. Doc. 23: Motion for Downward Departure]. The Court granted the motion and ultimately sentenced Petitioner to 101 months in prison for the drug-trafficking offense, to be followed by a consecutive 60-month sentence for the § 924(c) offense, entering its judgment on October 3, 2003. [Id., Doc. 24: Judgment]. Petitioner did not appeal.

Over nine and a half years later, on July 18, 2013, Petitioner filed the pending motion to vacate his sentence. Petitioner argues that his sentence was improperly enhanced based on his career-offender status, as established by the Fourth Circuit's *en banc* decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner also seeks alternative relief under 28 U.S.C. § 2241 or under the writs of error *coram nobis* or *audita querela*.

On October 9, 2014, the Government moved to hold this matter in abeyance pending the rehearing *en banc* in Whiteside v. United States, No. 13-7152, by the Court of Appeals for the Fourth Circuit. [Doc. 3]. The Court granted the Government's motion on October 14, 2014. [Doc. 4]. Following the *en banc* decision in Whiteside, the Government filed a motion to dismiss the Petitioner's motion to vacate and alternative petitions. [Doc. 7].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, as noted, the Court's judgment was entered on October 3, 2003. Petitioner's conviction became final when his time for appealing that judgment expired, or 10 days after this Court entered its judgment. See Clay v. United States, 537 U.S. 522, 525 (2003). As noted, Petitioner filed the instant § 2255 petition on July 18, 2013. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, his petition is untimely under § 2255(f)(1), and none of the other subsections of Section 2255(f) apply to render the petition timely.

Petitioner contends that the petition is timely under § 2255(f)(4) because it was filed within one year of when he discovered that Simmons was available to him. Petitioner's argument fails for at least two reasons. First, the Fourth Circuit Court of Appeals has held that the Simmons decision does not constitute a new "fact" under § 2254(f)(4). See Whiteside v. United States, 775 F.3d 180, 183-87 (4th Cir. 2014) (*en banc*). Second, Petitioner's motion was filed nearly two years after the decision in Simmons, and thus, even if the Simmons decision could qualify as a new "fact" under § 2255(f)(4)

5

– which it clearly does not -- Petitioner's motion would not be timely under this provision.

Finally, Petitioner asserts that the change in law recognized by Simmons entitles him to equitable tolling, but the Fourth Circuit has, again in Whiteside, rejected this identical argument. See id. at 185 ("Although Simmons plainly made a collateral attack on [the petitioner's] sentence more plausible, nothing prevented [the petitioner] from filing his petition within the one-year statute of limitations."). For all of these reasons, the Court concludes that Petitioner's § 2255 motion is time-barred and Petitioner is not entitled to equitable tolling.

Next, as to Petitioner's request for alternative relief under § 2241, while the savings clause of § 2255 permits relief under § 2241 where § 2255 is inadequate or ineffective to test the legality of a petitioner's detention, it is not available to remedy the miscalculation of an advisory guideline range. See Gilbert v. United States, 640 F.3d 1293, 1323-24 (11th Cir. 2011). The fact that a petitioner's initial § 2255 motion is dismissed as untimely also does not render that remedy ineffective. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In sum, Petitioner is not entitled to alternative relief under § 2241.

Finally, Petitioner seeks relief through a writ of error *coram nobis* or a writ of *audita querela*. *Coram nobis* relief is only available, however, when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate'" (quoting United States v. Smith, 331 U.S. 475 n.4 (1947))). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable. Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and in this case, Petitioner's claim does not fall within such a gap. Instead, Petitioner's claim simply fails because it is untimely presented. Even if Petitioner's claim had been timely presented, it merely presents a run-of-the-mill Guidelines-error claim, which is adequately addressed by other federal post-conviction remedies.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long

7

as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and the petition would be subject to dismissal even if it were not time-barred.

For the reasons stated herein, the petition will be dismissed. Furthermore, Petitioner is not entitled to alternative relief under § 2241, or under the writs of error coram nobis or audita querela.

**IV.  CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition.  Furthermore, Petitioner is not entitled to alternative relief under § 2241, or under the writs of error coram nobis or audita querela.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. The Court's prior order staying this action pending resolution of Whiteside is hereby lifted;

2. The Government's Motion to Dismiss [Doc. 7] is **GRANTED**;

3. The Petitioner's Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**;

4. The Petitioner's Alternative Petitions [Doc. 1] are also **DENIED**; and

5. The Court declines to issue a certificate of appealability.

 **IT IS SO ORDERED.**

Martin Reidinger
United States District Judge